<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANTIAGO RIVAS and TATIANA CASTRILLON, <br><br> Plaintiffs, <br><br> v. <br><br> L&N BUILDERS GROUP, INC., NELSON MOJICA, LEONARDO REYES, FARRAH REYES, ROZLIN FINANCIAL GROUP, INC. a/k/a RFGI, SAMANTHA ANDERSON, MICHELLE RICHARDS, DEBBI WILLSON, ABC CORPS. 1-10, JOHN DOES 1-10, and JOHN DOES 11-20 <br><br> Defendants. | Civil Action No. 22-7544 (SDW)(JBC) <br><br> **WHEREAS OPINION** <br><br> June 15, 2023 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon Defendants Rozlin Financial Group, Inc. ("RFGI"), Samantha Anderson, Michelle Richards, and Debbi Willson's (collectively, the "RFGI Defendants") filing of a Partial Motion to Dismiss (D.E. 4 ("Motion")) several Counts[1] in Plaintiffs Santiago Rivas and Tatiana Castrillon's ("Plaintiffs") Complaint (D.E. 1-1 ("Complaint")), and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); and

  **WHEREAS** in or around July 2021, Plaintiffs entered into a contract with Defendant L&N Builders ("L&N"). (*Id.* ¶ 24.) Pursuant to the contract, L&N was to renovate Plaintiffs' kitchen

---

[1] The RFGI Defendants move to dismiss all 25 claims against them except for Counts 23 and 24.  (*See generally* D.E. 5.)

and bathrooms at a cost of $25,135.42. (*Id.* ¶¶ 25, 39.) Between July 31 and October 7, 2021, Plaintiffs paid $19,135.42 to L&N. (*Id.* ¶¶ 30–32.) The remaining $6,000 was due to L&N upon its reaching certain benchmarks—"$2,000.00 when the walls were ready to paint, . . . $2,000.00 upon cabinet installation, and the final payment of $2,000.00 upon punch list completion." (*Id.* ¶ 33.) On November 16, 2021, without having reached those benchmarks, L&N demanded additional payment from Plaintiffs, but Plaintiffs refused to pay. (*Id.* ¶¶ 33, 35–39.) Eventually, due to L&N's allegedly incomplete, "sloppy[,] and faulty" work, Plaintiffs were forced to hire a new contractor to repair and complete the renovation. (*Id.* ¶¶ 41–42.) Thereafter, L&N sought to collect payment for the work it performed for Plaintiffs and hired RFGI, a debt-collection agency, to do so. (*Id.* ¶ 44.) The RFGI Defendants then contacted Plaintiffs on at least three occasions between July 2022 and November 2022. (*Id.* ¶¶ 48–52.) In those correspondences, the RFGI Defendants alleged that Plaintiffs still owed $25,132.42 to L&N. (*Id.* ¶¶ 48–53.) Plaintiffs, believing the RFGI Defendants' representations to be inaccurate, disputed the debt by providing copies of the invoice from L&N and payments they made to L&N, along with a written explanation of the unfinished work. (*Id.* ¶ 53.) According to the Complaint, the RFGI Defendants ignored Plaintiffs' attempts to dispute the debt and, instead, continued their debt-collection efforts in violation of federal statutes and regulations.[2] (*Id.* ¶ 57); and

---

[2] Plaintiffs contend that, pursuant to the Fair Debt Collection Practice Act ("FDCPA") and Regulation F, the RFGI Defendants were required to send "Validation Notices that contain specific information about the debt being collected within its initial communication with the consumer or within five days after the initial communication with the consumer," and "to cease [all collection activity] for thirty days upon receipt of Plaintiffs' notice of dispute of the alleged debt." (*Id.* ¶¶ 55–57.) According to the Complaint, the RFGI Defendants neither provided Validation Notices to the Plaintiffs nor ceased collection efforts. (*Id.* ¶ 57.)

**WHEREAS** on November 18, 2022, Plaintiffs filed the Complaint in the Superior Court of Bergen County, New Jersey. (*See generally id.*) The Complaint contains 25 causes of action purportedly against all the Defendants.[3] (*Id.* ¶¶ 72–204.) On December 28, 2022, the RFGI Defendants removed the matter to this Court, (*id.*), and, on January 19, 2023, filed the instant Motion. (D.E. 4.) The parties timely submitted briefing. (D.E. 5, 6, 7); and

**WHEREAS** an adequate complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (confirming that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

---

[3] The Complaint generally defines the term "Defendants" to include every one of the up to 38 Defendants. (*Id.* ¶ 15.) Confusingly, however, the Complaint never identifies with precision the defendant or group of defendants against whom each cause of action is alleged. (*Id.* ¶¶ 72–204.) Although this Court will grant the RFGI Defendants' Motion on other grounds, Plaintiffs are reminded of their obligation to "provide the defendants with the requisite fair notice of the claims against them." *Bolick v. N.E. Indus. Servs. Corp.*, 666 F. App'x 101, 104 (3d Cir. 2016). Complaints that "nearly always refer[] throughout to the 'defendants' as a whole without alleging which defendant or defendants performed which actions," do not suffice. *Id.*

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the Iqbal standard). Determining whether the allegations in a complaint establish "a plausible claim" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief." *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

**WHEREAS** at the outset, Plaintiffs concede that Counts One through Six and Nine through Nineteen should be dismissed as against the RFGI Defendants. (D.E. 6 at 3.) Accordingly, this Court will dismiss with prejudice those claims against the RFGI Defendants[4] and address the remaining counts in turn; and

**WHEREAS** in Count Seven, Plaintiffs purport to bring a claim for "recklessness." (D.E. 1-1 ¶¶ 103–04.) Recklessness, however, is not a standalone cause of action. *See, e.g.*, *Brancato v. Specialized Loan Servicing, LLC*, No. 15-6780, 2018 WL 2770137, at *8 (D.N.J. June 8, 2018) ("Recklessness, as an independent claim, is not recognized in the State of New Jersey." (collecting cases)). Rather, it is an element that must be proven in certain causes of action, *see, e.g.*, *Durando v. Nutley Sun*, 37 A.3d 449, 458 (N.J. 2012), in certain criminal prosecutions, *see generally Voisine v. United States*, 579 U.S. 686 (2016), or to justify certain types of relief, *see, e.g.*, *Rivera v. Valley*

---

[4] In the same paragraph in which Plaintiffs agree to dismiss Counts One through Six and Nine through Nineteen, they claim to "oppose the dismissal of" the remaining counts, including, contradictorily, Count 10. (*Id.*) This inconsistency appears to be a typographical error, as Plaintiffs have neglected to address Count 10 elsewhere in their brief. (*See generally id.*) Accordingly, this Court will consider the claim conceded and dismiss with prejudice Count 10 as to the RFGI Defendants.

4

*Hosp., Inc.*, 280 A.3d 299, 310 (N.J. 2022). Put simply, Count Seven fails to state a claim upon which relief can be granted, and therefore it must be dismissed; and

**WHEREAS** in Count Eight, Plaintiffs allege that they suffered losses due to the RFGI Defendants' negligence. (D.E. 1-1 ¶¶ 105–07.) To state a claim for negligence, a plaintiff must allege "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (quoting *Polzo v. Cnty. of Essex*, 960 A.2d 375, 584 (N.J. 2008)). Plaintiffs have failed to state a negligence claim for several reasons. First, Count Eight merely recites the elements of negligence, which is flatly insufficient to state a claim under Rule 8(a)(2). *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, the Complaint does not identify any particular duty that the RFGI Defendants breached. While Plaintiffs' opposition brief asserts, in cursory fashion, that the RFGI Defendants breached their "duty to comply with the [FDCPA] and [FCRA]," (D.E. 6 at 6), those allegations are not sufficiently pled in the complaint, and "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1984)). Third, even if the Complaint had alleged that the RFGI Defendants negligently breached a duty under the FDCPA and FCRA, the claim would be preempted by relevant federal law and duplicative of Plaintiffs' other claims. To be sure, the FCRA broadly preempts any state law "requirement[s] or prohibition[s] . . . with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). "Courts in this district have interpreted this section to bar all state claims, whether statutory or common-law

5

based."[5] *Cosmas*, 757 F. Supp. 2d at 499 (citing *Campbell v. Chase Manhattan Bank*, No. 02-3489, 2005 WL 1514221, at *16–17 (D.N.J. June 27, 2005)). Accordingly, to the extent Plaintiffs' negligence claim is related to or arises out of duties owed under the FCRA, it is preempted. Furthermore, as Plaintiffs admit, their negligence claim is based on the RFGI Defendants' failure to comply with the FDCPA and FCRA. (D.E. 6 at 6.) Plaintiffs, however, have brought claims under both statutes—Counts 23 and 24, respectively—and, as pleaded, Count Eight adds nothing more. Thus, in its current form, Count Eight is entirely duplicative of Counts 23 and 24. For the foregoing reasons, Count Eight will be dismissed without prejudice; and

**WHEREAS** the RFGI Defendants have similarly moved to dismiss Plaintiffs' other claims sounding in negligence: Counts 20 (Negligent Hiring/Retention), 21 (Negligent Supervision/Training), and 22 (Negligent Entrustment). (D.E. 1-1 ¶¶ 147–69.) To state a claim for negligent hiring or supervision, a plaintiff must allege (1) that the employer-defendant "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons," and (2) that the negligent hiring "proximately caused the injury." *Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982) (citations omitted); *see also G.A.-H. v. K.G.G.*, 210 A.3d 907, 916 (N.J.

---

[5] The FCRA contains a second preemption provision—section 1681h(e)—which, in limited circumstances, permits claims "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information." 15 U.S.C. § 1681h(e). Such claims may be brought only if they involve (1) false information; (2) disclosed pursuant to section 1681g, 1681h, or 1681m; and (3) which the defendant "furnished with malice or willful intent to injure" the plaintiff. *Id.* Sections 1681g and 1681h apply only to "consumer reporting agencies," and section 1681m sets forth "[r]equirements on users of consumer reports." 15 U.S.C. §§ 1681g, 1681h, 1681m; *see also Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 449–51 (D.N.J. 2010) (analyzing sections 1681g, 1681h, and 1681m). While "much discussion abounds in the case law regarding the interplay of" the two ostensibly conflicting preemption provisions, *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 496 (D.N.J. 2010) (citing *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 428 (S.D.N.Y. 2010)), this Court finds that the Complaint lacks any allegations indicating that the limited circumstances elucidated in section 1681h(e) exist here. Specifically, Plaintiffs do not allege that the RFGI Defendants are either consumer reporting agencies or users of consumer reports, (*see generally* D.E. 1-1), and thus sections 1681g, 1681h, and 1681m would not apply to them.

2019) ("To be found liable for negligent supervision or training, the plaintiff must satisfy what is essentially the same standard, but framed in terms of supervision or training." (citing *Di Cosala*, 450 A.2d at 516)).  Furthermore, negligent entrustment requires a plaintiff to assert that the defendant negligently "permit[ted] a third person to use a thing or to engage in an activity which is under the control of the [defendant]," and that the defendant knew or should have known that the third person "intend[ed] or [wa]s likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." *N.J. Citizens United v. Hernandez*, No. A-4060-04T5, 2006 WL 686571, at *4 (N.J. Super. Ct. App. Div., Mar. 20, 2006) (quoting *Restatement (Second) of Torts* § 308 (1965)).  Among other things, a plaintiff asserting a negligent entrustment claim must allege that "there was an entrustment of [a] dangerous instrumentality." *Id.* (quoting 57A *Am. Jur.2d Negligence* § 318 (2005)).  Here, the RFGI Defendants argue that Counts 20, 21, and 22 must be dismissed because Plaintiffs have failed to allege a duty owed to them.  (D.E. 5 at 20–22.)  For an even more elementary reason, those claims must be dismissed—that is, they are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 555).  Indeed, the Complaint fails to allege any "particular unfitness, incompetence or dangerous attributes" of which the RFGI Defendants knew or should have known, and lacks any factual allegations of entrustment of a dangerous instrumentality.  Therefore, Counts 20, 21, and 22 will be dismissed without prejudice; and

**WHEREAS** in Count 25, Plaintiffs allege that the RFGI Defendants defamed them by "reporting wrongful information to credit bureaus." (D.E. 1-1 ¶¶ 199–204.)  As explained earlier

in this Opinion, the FCRA broadly preempts state-law claims "relating to the responsibilities of any persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). While section 1681h(e) permits certain causes of action—including defamation—in limited circumstances, Plaintiffs have failed to adequately allege that those circumstances apply here. Consequently, this Court will dismiss without prejudice Count 25 as to the RFGI Defendants; and

**WHEREAS** in opposing Defendants' Motion, Plaintiffs simultaneously filed a Cross-Motion to Amend the Complaint. (D.E. 6-2.) Plaintiffs' Motion to Amend is denied for failure to comply with Local Civil Rule 15.1. L.Civ.R. 15.1(a). Specifically, Plaintiffs failed to file both "a copy of the proposed amended pleading[] and a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposed to amend." L.Civ.R. 15.1(a); *see Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 F. App'x 144, 147–48 (3d Cir. 2014) ("Failure to supply a draft amended complaint is an adequate basis for denying leave to amend." (citing *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000))); therefore,

Defendant's Partial Motion to Dismiss (D.E. 4) is **GRANTED WITHOUT PREJUDICE** and Plaintiffs' Cross-Motion for Leave to File an Amended Complaint (D.E. 6-2) is **DENIED**. An appropriate order follows.

                                                /s/ Susan D. Wigenton
                                                **United States District Judge**

Orig:  Clerk
cc:     Parties
        James B. Clark, U.S.M.J.